UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE BOWMAN,

    Plaintiff,                            Hon. Janet T. Neff

v.                                                 Case No. 1:12-CV-644

PATRICK DONAHOE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #56). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's Second Amended Complaint. (Dkt. #53). On February 1, 2009, Plaintiff filed a discrimination complaint against the United States Postal Service (USPS). Plaintiff, who was employed by the USPS as a General Expediter, alleged that he suffered discrimination when seeking a temporary position as an Acting Network Specialist. On September 14, 2010, an ALJ concluded that Plaintiff had been discriminated against and ordered that the USPS provide the following remedies: (1) assign Plaintiff to a position as a Network Specialist (or other "substantially equivalent position") for the equal length of time, approximately 18 months, that the individual selected for the position served; (2) pay Plaintiff the difference, with interest, between

what he earned as a General Expediter and what he would have earned had he been selected for the Acting Network Specialist position; (3) remove an offending performance evaluation from Plaintiff's personnel record; (4) provide training to certain identified individuals regarding Title VII and employment discrimination; (5) post a notice at the Grand Rapids USPS facility stating that the USPS had discriminated against Plaintiff; and (6) pay Plaintiff's costs and attorney fees.

Plaintiff completed an 82-day assignment as a Network Specialist on November 20, 2010. At the conclusion of this assignment, Melissa Vander Slik asked Plaintiff to "agree to another 90-day detail" as a Network Specialist. Plaintiff declined, agreeing instead to "a 7-day detail in order to give the USPS the time to get approval from the vice-president of Area Operations" as required by USPS regulations. At the conclusion of this 7-day detail, Vander Slik again asked Plaintiff to agree to a lengthy assignment as a Network Specialist. Plaintiff "refused to sign the detail form (Form 1723) because it lacked the proper approval of the vice-president of Area Operations." Plaintiff subsequently expressed to Brian Stoll, Human Resources Manager, that he wished to perform an assignment as Network Specialist, but only if the necessary paperwork was properly completed and executed. Because the paperwork in question was never properly completed to Plaintiff's satisfaction, Plaintiff returned to his position as a General Expediter.

On December 21, 2010, Plaintiff contacted the USPS "and asserted that it failed to comply with the ALJ's decision." On March 2, 2011, the USPS issued a "Letter of Determination finding that the USPS had fully complied with the ALJ's decision." On April 5, 2011, Plaintiff filed an appeal with the EEOC alleging that the USPS "failed to comply with the ALJ's decision and award of relief." On October 3, 2011, the EEOC denied Plaintiff's appeal. On March 16, 2012, the EEOC denied Plaintiff's request for reconsideration. Plaintiff initiated the present action on June 18, 2012, against

Postmaster General Patrick Donahoe, as well as Carlton Hadden who has since been dismissed from this action. Plaintiff alleges that the USPS failed to comply with the ALJ's order that he be assigned to work as a Network Specialist (or other "substantially equivalent position") for the time period in question. Defendant Donahoe now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the*

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Despite having now filed three separate motions to dismiss or for summary judgment, Defendant - in his most recent reply brief - raises for the first time the argument that Plaintiff is precluded from challenging in this Court the EEOC's determination that the USPS complied with the ALJ's order.

Defendant concedes in his motion for summary judgment that Plaintiff can bring an action in federal court seeking enforcement of the ALJ's decision and order.  *See Haskins v. United States Department of the Army*, 808 F.2d 1192, 1199 n.4 (6th Cir. 1987) ("[i]f a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to enforce that order").  However, Defendant, in his reply brief, further argues that "an EEOC determination of non-compliance is a prerequisite to any enforcement action."  (Dkt. #60 at 2). Defendant does not appear to challenge the determination by the *Haskins* court that an employee can seek enforcement in federal court of a favorable administrative decision.  Instead, Defendant appears to

argue that by first pursuing - unsuccessfully - his administrative remedies with respect to the compliance issue, Plaintiff is now foreclosed from seeking federal court enforcement of the ALJ's order. For several reasons, the Court finds Defendant's argument unpersuasive.

First, the Court finds that this particular argument has not been timely asserted or sufficiently developed. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("issues [are] waived when they are raised for the first time in motions requesting reconsideration or in replies to responses"). Second, Defendant has identified no Sixth Circuit authority supporting its position or holding that the decision in *Haskins*, noted above, is no longer good or controlling authority. Next, Defendants position would, in effect, punish Plaintiff for first pursuing his administrative remedies vis-a-vis his non-compliance claim. Considering that plaintiffs seeking relief under Title VII must satisfy "rigorous administrative exhaustion requirements and time limitations," *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002), an interpretation that discourages pursuit of administrative remedies strikes the Court as contrary to Congressional intent. Finally, the Court notes that both the October 3, 2011 decision denying Plaintiff's non-compliance claim, as well as the March 16, 2012 decision denying Plaintiff's request for reconsideration, expressly state that Plaintiff "ha[s] the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date you receive this decision." (Dkt. #31 at ID# 466, 470).

Accordingly, the Court finds that the present action is properly before the Court. *See Haskins*, 808 F.2d at 1199 n.4. An enforcement action is not, however, an opportunity for Plaintiff to re-litigate the issues in his initial EEOC claim. *Id.* Instead, the issue before the Court is simply whether the USPS complied with the ALJ's decision. In this regard, the Court affords no deference to the

EEOC's decision that the USPS complied with the ALJ's order. *See Young v. FedEx Express*, 432 Fed. Appx. 915, 917 (11th Cir. 2011) (citation omitted).

Plaintiff concedes that the USPS offered him the opportunity to work as a Network Specialist for the requisite time period. Plaintiff contends, however, that because the process by which the assignment was offered did not comply with USPS regulations such did not satisfy the ALJ's order. Specifically, Plaintiff alleges that Melissa Vander Slik offered him the Network Specialist assignment by utilizing Form 1723, a form used to effectuate "detail" assignments. Plaintiff refused to accept the assignment, however, because Vander Slik allegedly lacked the authority to effectuate the assignment through use of Form 1723. Plaintiff asserts that his purported assignment as a Network Specialist was invalid unless "either the detail form [Form 1723] was signed by the vice-president of Area Operations, or a Form Fifty (document used to effectuate temporary promotions) was completed by the appropriate higher level management personnel."

Plaintiff's argument regarding the use of Form 1723 is not persuasive. Plaintiff contends that Vander Slik lacked the authority to assign him to a "higher-level position" for longer than 90 days without first obtaining the approval from the vice president of Area Operations. Plaintiff alleges that Vander Slik's failure to obtain such approval violated Section 716.143 of USPS regulations which provides:

> Higher Level Assignments Limited to 90 Calendar Days Unless Extended
>
> Temporary assignment to a higher-level position, *during the absence of the incumbent*, is limited to a maximum period of 90 calendar days, which may be extended with the prior approval of the vice president of Area Operations.

(Dkt. #31, Exhibit H) (emphasis added).

In support of his motion for summary judgment, Defendant has submitted an affidavit executed by Brian Stoll, Human Resources Manager for the Greater Michigan District of the United States Postal Service. (Dkt. #23, Attachment 1). Stoll asserts that Form 1723 "was the form USPS used to place employees in a temporary assignment to perform duties other than those in the employee's official job description, including higher level and training assignments." *Id.* at ¶ 7. With respect to Plaintiff's argument that Vander Slik's actions violated Section 716.143, Stoll asserts that the Network Specialist position was vacant during the relevant time period. *Id.* at ¶ 8. Thus, because there was no incumbent who was absent from the Network Specialist position, Section 716.143, by its very terms, is simply inapplicable in this matter. Plaintiff has presented no evidence countering Stoll's affidavit.

Plaintiff's assertion that the USPS should have used a "Form Fifty" to effectuate his assignment is equally unavailing. Brian Stoll asserts that a Form 50 is used for certain personnel circumstances (e.g., separations and name changes), but "would not be issued for any temporary assignment. . .to the Network Specialist EAS-16 position." *Id.* at ¶ 6. Plaintiff has presented no evidence to the contrary.

In sum, the USPS complied with the ALJ's order by placing Plaintiff in a Network Specialist position. Plaintiff, however, through his misinterpretation of USPS rules and regulations, effectively terminated the assignment. Just as the EEOC determined, the Court concludes that the USPS cannot be found to have violated the ALJ's order when Plaintiff's own actions prevented him from obtaining the full scope of relief awarded. Accordingly, the undersigned finds that the USPS complied with the ALJ's order and, therefore, recommends that Defendant's motion for summary judgment be granted.

As for Plaintiff's argument that notwithstanding his misunderstanding of USPS rules and regulations, the Court should order the USPS to, yet again, assign him to a Network Specialist position, the Court is not persuaded. The ALJ ordered the USPS to place Plaintiff in a position as a Network Specialist (or other "substantially equivalent position") for a certain length of time. The USPS did, in fact, assign Plaintiff to a position as a Network Specialist, but Plaintiff, in effect, terminated the assignment due to his misinterpretation of USPS rules and regulations. Plaintiff has identified no authority supporting the proposition that a claimant can terminate, for no valid reason, judicially ordered relief and later seek a court order mandating that the relief in question be provided yet again.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (Dkt. #56), be **granted** and this action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 5, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge