UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE A. BOWMAN,

    Plaintiff,

v

PATRICK R. DONAHOE,

    Defendants.
_____/

Case No. 1:12-cv-644

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this enforcement action against Defendant Patrick Donahoe, Postmaster General of the United States Postal Service (USPS), alleging that the USPS violated an Administrative Law Judge's (ALJ's) order that Plaintiff be detailed to a Network Supervisor position "or a substantially equivalent position" for approximately 18 months (the length of time that Karen Rauser was in the position of Acting Network Specialist). Defendant filed a motion for summary judgment (Dkt 56). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's Objection to the Report and Recommendation (Dkt 68). Defendant has filed a Response to the Objection (Dkt 69). Plaintiff has filed a motion for leave to file a Reply to Defendant's Response (Dkt 70). The Court grants Plaintiff's motion for leave to file the Reply and has considered the Reply in rendering this decision. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those

portions of the Report and Recommendation to which objection has been made.  The Court denies the Objection and issues this Opinion and Order.

Plaintiff first objects to the Magistrate Judge's statement that "Plaintiff concedes that the USPS offered him the opportunity to work as a Network Specialist for the requisite time period" (*see* R & R at 7).  Plaintiff asserts that the USPS never offered the opportunity to work *for the requisite time period* because the USPS paperwork never reflected an 18-month detail.  This objection takes issue with semantics that are inconsequential to the dispositive legal issue.  Plaintiff does not deny that the USPS offered him an opportunity to work as a Network Specialist, which is the critical aspect of the USPS's compliance at issue, not the fact that the particular paperwork did not reflect an 18-month term.  In fact, the Magistrate Judge noted that there were successive offers of "lengthy" assignments as a Network Specialist (R & R at 2), which clearly were intended to ultimately comply with the requisite time period.  This objection is without merit.

Plaintiff also objects to the Magistrate Judge's characterization of the facts surrounding Plaintiff's correspondence with Human Resources Manager Brian Stoll, and specifically, that Plaintiff's email to Stoll ever presented an ultimatum (Obj. at 1-2).  This challenge is likewise a matter of semantics and is immaterial to the instant disposition.  Regardless, this Court finds the Magistrate Judge's characterization of the email accurate and appropriate.  Plaintiff's own actions, however characterized, in effect led to the termination of his Network Specialist assignment and prevented him from obtaining the full scope of the relief awarded (*see* R & R at 8; Reply, Dkt 70 at 5-7).  This objection is without merit.

The crux of Plaintiff's remaining objections is that the Magistrate Judge improperly failed to consider whether Plaintiff's hold-out in accepting/refusal to accept the USPS's Network Specialist

offer was in good-faith and reasonable, although he was incorrect about USPS rules and regulations; and likewise, whether the response of USPS personnel, specifically VanderSlik, Stoll and Mellman, was in good faith and reasonable under the circumstances. Plaintiff argues that the good-faith/reasonableness analysis is appropriately invoked by analogy from Title VII retaliation cases in which an employee has "opposed" any practice by the employer made unlawful under Title VII.

As Defendant points out in his Response, however, Plaintiff essentially urges the Court to disregard the legal standard applicable to this enforcement action and instead apply a new standard—without any case law or other authority that supports taking the parties' respective good faith into consideration. Plaintiff nonetheless argues that this case is "novel" and warrants balancing "the good and apparent bad faith" of Plaintiff and Defendant in determining whether Defendant's actions complied with the ALJ's order (Reply, Dkt 70 at 4). Plaintiff's argument is unpersuasive. This Court finds no reasoned basis for adopting the good faith/reasonableness standards applied to Title VII retaliation claims as Plaintiff suggests.

Plaintiff's objection provides no basis for modifying or rejecting the Report and Recommendation of the Magistrate Judge. The Magistrate Judge properly considered and ruled on Plaintiff's claim that the USPS failed to comply with the ALJ's order, and found to the contrary. The reasoning and conclusions of the Magistrate Judge are sound.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore*

*v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 68) is DENIED and the Report and Recommendation (Dkt 64) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Reply (Dkt 70) is GRANTED, and the Clerk's office shall accept the Reply for filing.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 56) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: September 30, 2014           /s/ Janet T. Neff
                                    JANET T. NEFF
                                    United States District Judge